Note:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

07-3079

ALFREDO F. RAVAGO,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Alfredo F. Ravago, of Olongapo City,Philippines, pro se.

Michael A. Carney, General Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent.  With him on the brief were B. Chad Bungard, General Counsel, Rosa M. Koppel, Deputy General Counsel, and Sara B. Rearden, Acting Associate General Counsel.

Appealed from:  United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

07-3079

ALFREDO F. RAVAGO,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: June 8, 2007

_____

Before MICHEL, Chief Judge, and LOURIE and RADER, Circuit Judges.

PER CURIAM.

DECISION

Alfredo F. Ravago ("Ravago") appeals from the final decision of the Merit Systems Protection Board (the "Board") dismissing his appeal from the final decision of the Office of Personnel Management ("OPM") that denied his application for retirement benefits as untimely. Ravago v. Office of Pers. Mgmt., SF-0831-06-0494-I-1 (M.S.P.B. Nov. 15, 2006) (initial decision dated July 28, 2006). Because substantial evidence supports the Board's decision, we affirm.

BACKGROUND

Ravago retired from his position in the Transportation Department of the U.S. Navy Public Works Center at Subic Bay, Philippines on February 28, 1986 with thirty-six years, three months, and three days creditable service with the U.S. Forces Philippines. On April 16, 1986, Ravago applied to OPM for a Civil Service Retirement System ("CSRS") annuity. In a May 31, 1988 initial decision, OPM denied Ravago's request for retirement benefits, stating that he did not have the requisite five years of service ending in an appointment that was subject to CSRS coverage because his service after November 13, 1950 was excluded from CSRS coverage by Executive Order 10180. The notice included instructions on how to request reconsideration of the initial decision and explained that the request must be made within thirty days of the date of the initial decision, unless he failed to receive notice of the time limit or was prevented from responding by a cause beyond his control.

On May 5, 1999, almost eleven years after the initial decision, Ravago sent a letter to OPM requesting reconsideration "of OPM initial decision." The letter states that a copy of the referenced decision was attached, but it is not in evidence, and the parties appear to dispute which OPM correspondence Ravago may have attached. In any case, OPM interpreted the May 5, 1999 letter as a request for reconsideration of the May 31, 1988 initial decision. In its February 14, 2000 response to the request for reconsideration, OPM thus found that the request was not timely because it was not filed within the allowable time limit and Ravago had not provided evidence or argument that would justify an extension of the time limit. The February 14, 2000 letter also noted that other correspondence between Ravago and OPM did "not constitute a new initial

decision on [his] application for benefits" and did not begin a new and separate application for benefits. Finally, the February 14, 2000 letter specifically stated that it was the "final decision of OPM on [the] matter" and provided instructions on how to appeal the decision to the Board, noting that the time limit for appeal was thirty days after the date of the decision or after receipt of the decision, whichever was later.

On March 20, 2006, Ravago filed his petition appealing the OPM decision to the Board. OPM provided a copy of its file on Ravago's application to the Board and objected to the appeal as untimely on April 19, 2006. In an Order on May 15, 2006, the administrative judge ("AJ") ordered Ravago to provide evidence establishing good cause for the delay in filing his appeal past the normal thirty-day deadline. Again, in a May 31, 2006 Order, the AJ informed Ravago that he was obligated to show good cause for the delay in filing his appeal and extended the deadline for the close of evidence by fifteen days to June 30, 2006. Both of the AJ's Orders summarized the law applicable to the timing of appeals to the Board and the requirements for Ravago to be eligible for CSRS benefits. On June 5, 2006, the AJ received a response to his May 15, 2006 Order that addressed the merits of Ravago's appeal, but did not address its untimeliness. The AJ issued an Initial Decision on July 28, 2006 dismissing Ravago's appeal as untimely without good cause having been shown for the delay. On November 15, 2006, the Board found that no new evidence had been presented to it and that the AJ had made no errors of law, and thus it denied Ravago's petition for review. The Initial Decision became the final decision of the Board. See 5 C.F.R. § 1201.113.

Ravago timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); see Walls v. Merit Sys. Prot. Bd., 29 F.3d 1578, 1581 (Fed. Cir. 2003) (stating that this standard specifically applies to review of a Board decision to deny a good cause waiver). Generally, "an appeal must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of receipt of the agency's decision, whichever is later." 5 C.F.R. § 1201.22(b)(1). "If a party does not submit an appeal within the time set by statute, regulation, or order of a judge, it will be dismissed as untimely filed unless a good reason for the delay is shown." 5 C.F.R. § 1201.22(c). Ravago bore the burden of proof with respect to the timeliness of his appeal. 5 C.F.R. § 1201.56(a)(2)(ii).

On appeal, Ravago argues that the Board erred in failing to address the merits of his claim. Ravago argues, apparently for the first time, that he never received the May 31, 1988 initial decision of OPM and that that led to the confusion about which decisions of OPM he was appealing. He argues that the timing of his appeals and whether OPM properly provided reconsideration must be determined in light of that fact. The government responds that Ravago was given clear notice of the applicable time limit for appeal and failed to establish the existence of circumstances beyond his control that kept him from filing on time. The government also adds that in light of Ravago's May 5,

1999 letter requesting reconsideration of OPM's initial decision, it is highly unlikely that Ravago never received the May 31, 1988 initial decision.

We agree with the government that substantial evidence supports the Board's dismissal of Ravago's appeal. Even assuming that Ravago's assertions concerning the alleged errors made by OPM were true, the record shows that Ravago had clear notice in the February 14, 2000 decision that it was OPM's final decision on his application. It was thus incumbent upon Ravago to present whatever errors he believed had been made by OPM in an appeal to the Board within the thirty-day deadline clearly identified in the February 14, 2000 decision. However, Ravago failed to file his appeal to the Board until March 20, 2006, more than six years later. Although the AJ clearly notified Ravago of the need to show good cause for the six-year delay in filing his appeal to the Board (not even considering the delay in any prior proceedings), Ravago failed to provide any reason for the delay in his appeal to the Board. We therefore affirm the Board's decision dismissing Ravago's appeal as untimely.